IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ROY A. HORNE                                                                                    PLAINTIFF

VERSUS                                          CIVIL ACTION NO. 1:10-cv-487-HSO-JMR

DELTA SANITATION                                                                      DEFENDANT

**ORDER GRANTING DEFENDANT'S
RE-URGED MOTION TO DISMISS**

BEFORE THE COURT is Defendant Delta Sanitation's Re-Urged Motion to Dismiss [23], filed on April 2, 2012.  Plaintiff Roy A. Horne has not filed any Response to the Motion.  After consideration of the record in this case and the relevant legal authorities, and for the reasons discussed below, the Court finds that Defendant's Re-Urged Motion to Dismiss [23] should be granted, and that this case should be dismissed without prejudice.

I. PROCEDURAL HISTORY

Plaintiff filed his Complaint [1] on October 4, 2010.  On the same date, he filed a Motion for Leave to Proceed *in Forma Pauperis* [2].  On April 19, 2011, the Court entered an Order [5] denying Plaintiff's Motion [2].  This Order [5] further directed that Plaintiff pay the requisite filing fee by May 3, 2011, and that "Plaintiff's failure to properly serve his Complaint upon Defendant Delta Sanitation within 120 days after the payment of the filing fee may result in the dismissal of this suit."  Order [5], at p. 2.

Plaintiff timely paid his $350.00 filing fee on April 28, 2011.  Plaintiff was therefore required to serve Defendant Delta Sanitation on or before August 26,

2011.  He did not do so.  *See id.*  On October 19, 2011, the Court entered an Order [9] which, in relevant part, extended the time until December 5, 2011, for Plaintiff to effect proper service upon Defendant Delta Sanitation, pursuant to Federal Rule of Civil Procedure 4(m).  Order [9], at p. 3.  Plaintiff was warned that failure to timely effect proper service of process upon Defendant could result in *sua sponte* dismissal of his claims pursuant to Rule 4(m).  *Id.* at pp. 3–4.  Plaintiff filed a Proof of Service [16] on December 12, 2011, which he had executed.  The Proof of Service states that Plaintiff himself served the summons on Candy Carter ["Ms. Carter"] at Delta Sanitation on November 17, 2011.

Defendant moved on December 2, 2011, and December 16, 2011, to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process.  The Court determined that Plaintiff's attempted service was not effective because he personally served Defendant, which did not comport with the requirements of Federal Rule of Civil Procedure 4(c).  Order [21], at p. 4.  The Court nevertheless denied Defendant's Motions to Dismiss [13], [17] without prejudice, and granted Plaintiff additional time, until March 30, 2012, to properly serve Defendant in accordance with Federal Rule of Civil Procedure 4, and to file into the record proper proof of said service.  *Id.* at p. 5.  Plaintiff was directed to familiarize himself with Federal Rule of Civil Procedure 4, and was again warned that "failure of the Plaintiff to properly serve Defendant Delta Sanitation within the time allowed may result in *sua sponte* dismissal of this case pursuant to Federal Rule Civil Procedure 4(m)."  *Id.*  Plaintiff received [22] the Court's Order [21], but to

date he has not filed any proof of service or other evidence indicating that he has timely or properly served Defendant.

## II. DISCUSSION

Federal Rule of Civil Procedure 4(m) provides, in relevant part, that

> [i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . .

FED. R. CIV. P. 4(m). While Defendant has received notice of this lawsuit, "[t]he defendant's actual notice of the ligation . . . is not sufficient to satisfy Rule 4's requirements." *Way v. Mueller Brass Co.,* 840 F.2d 303, 306 (5th Cir. 1988); *see also Ayika v. Sutton,* 378 F. App'x 432, 2010 WL 1948362, at *1 (5th Cir. May 14, 2010).

Plaintiff has now had over 600 days to properly serve his Complaint since it was first filed on October 4, 2010. He has not done so. He has failed to follow this Court's directives or respond to Defendant's Re-Urged Motion to Dismiss [23]. Nor has Plaintiff shown good cause for his failure to properly serve Defendant within the latest extension of time allowed. Plaintiff has had more than sufficient time to properly serve Defendant, or to request additional time to effect proper service. The Court finds that dismissal of this case is warranted, pursuant to Federal Rule of Civil Procedure 4(m).

## III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Delta Sanitation's Re-Urged Motion to Dismiss [23] is **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff's Complaint [1] is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED AND ADJUDGED**, this the 27th day of April, 2012.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE